GEORGE HOFFMAN,
individually and on behalf of
all others similarly situated,

       Plaintiff,                    CASE NO. 18-cv-1491

   v.

REGAL BELOIT CORPORATION,

       Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff George Hoffman, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendant Regal Beloit Corporation ("Regal Beloit") at times since September 24, 2015 and were denied overtime wages under illegal pay policies and practices in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin wage and hour laws. Additionally, Regal Beloit has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. As a result, Regal Beloit has denied Plaintiff George Hoffman and the putative class members of overtime pay in violation of the Fair Labor Standards

Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

2. Plaintiff Hoffman brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

3. Plaintiff Hoffman also brings this action, on behalf of himself and all other similarly situated employees, pursuant to Wisconsin wage and hour laws, Wis. Stat. §§ 109.01 *et seq.*, 104.001 *et seq.*, 103.01 *et seq.*, Wis. Admin. Code §§ DWD 272.001 *et seq.*, and DWD 274.001 *et seq.*, for purposes of obtaining relief for unpaid overtime compensation, agreed-upon wages, and back pay in addition to civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Regal Beloit has substantial and systematic contacts in this district.

## PARTIES

7. Defendant Regal Beloit is a Wisconsin Corporation with a principal place of business located at 200 State Street, Beloit, Wisconsin 53511. Regal Beloit's registered agent for service of process in the State of Wisconsin is Corporation Service Company located at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

8. Plaintiff George Hoffman (hereinafter "Hoffman") is an adult resident of Shawano County in the State of Wisconsin. Plaintiff Hoffman is a former employee of Regal Beloit who worked as a CNC Operator from approximately July 2016 until approximately August 2017. Plaintiff Hoffman's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

9. Plaintiff Hoffman brings this action individually and on behalf of the Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by Regal Beloit and who were paid on an hourly basis at any time since September 24, 2015.

10. Plaintiff Hoffman brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding Class** is defined as follows:

> All persons who are or have been employed by Regal Beloit in Wisconsin and who were paid on an hourly basis at any time since September 24, 2016.

11. The FLSA Collective Class and Wisconsin Rule 23 Class are hereinafter referred to collectively as the "Classes."

## GENERAL ALLEGATIONS

12. Plaintiff Hoffman and the Collective Rounding Class work, or have worked, for Regal Beloit as hourly employees at times since September 24, 2015.

13. Plaintiff Hoffman and the Wisconsin Rounding Class work, or have worked, for Regal Beloit as hourly employees at Regal Beloit's Wisconsin locations at times since September 24, 2016.

14. Regal Beloit is a leading manufacturer of electric motors, mechanical and electrical motion controls and power generation products.

15. Since September 24, 2015, Plaintiff Hoffman and the Classes have been paid on an hourly basis for their work at Regal Beloit's Wisconsin facilities.

16. Since September 24, 2016, Regal Beloit, Plaintiff Hoffman, and the Wisconsin Rounding Class have agreed to specific hourly rates which were to be

paid to Plaintiff Hoffman and the Wisconsin Rounding Class in exchange for their hours worked in each workweek for Regal Beloit.

17. Since September 24, 2015, Regal Beloit has implemented a time clock rounding policy uniformly applicable to Plaintiff Hoffman and the Classes where hourly employees' start and end times for their shifts were rounded in fifteen-minute increments.

18. Under Regal Beloit's uniform time clock rounding policy, Regal Beloit rounded its employees' start and end times in fifteen-minute increments, but only in Regal Beloit's favor.

19. Under Regal Beloit's uniform time clock rounding policy, Regal Beloit did not round its employees' start and end times to the nearest fifteen-minute interval, despite the fact that employees performed compensable work during the period of time which was rounded.

20. As an example, under Regal Beloit's uniform time clock rounding policy, if an employee punched in at 1:50 p.m. and began performing compensable work, Regal Beloit would round up to 2:00 p.m.

21. Likewise, under Regal Beloit's uniform time clock rounding policy, if an employee punched out at 10:10 p.m., Regal Beloit would round back to 10:00 p.m. despite the employee performing compensable work after 10:00 p.m.

22. Additionally, under Regal Beloit's uniform time clock rounding policy, if an employee punched in at 2:02 p.m., two minutes late for their shift, Regal Beloit would round up to 2:15 p.m.

23. Since September 24, 2015, Regal Beloit has required Plaintiff Hoffman and the Classes to be in their work area ready to begin their job duties at the start of their shift.

24. As a result, since September 24, 2015, Plaintiff Hoffman and the Classes have performed compensable work prior to the start of their scheduled shift, but after they punched in. Under Regal Beloit's uniform time clock rounding policy, Plaintiff Hoffman and the Classes have not been paid for this compensable work time.

25. Since September 24, 2015, after punching in, but before the start of their scheduled shift, Plaintiff Hoffman and the Classes have performed such work as, starting the machines to ensure they are ready, checking with the previous shift operators regarding what jobs need to be completed during the Classes' shift, moving materials around, and gathering all necessary tools needed to perform the Classes' job duties during their shift.

26. Since September 24, 2015, Regal Beloit has suffered or permitted Plaintiff Hoffman to regularly perform uncompensated work, including work exceeding forty hours, during workweeks in which Regal Beloit applied its uniform time clock rounding policy.

27. Since September 24, 2015, Regal Beloit has suffered or permitted the Classes to regularly perform uncompensated work, including work exceeding forty hours, during workweeks in which Regal Beloit applied its uniform time clock rounding policy.

28. As a result of applying this time clock rounding policy, Regal Beloit improperly denied Plaintiff Hoffman, the Collective Rounding Class, and the Wisconsin Rounding Class of compensation at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since September 24, 2015.

29. Since September 24, 2016, Regal Beloit's application of its time clock rounding policy resulted in employees, including Plaintiff Hoffman, the Collective Rounding Class, and the Wisconsin Rounding Class being suffered or permitted to perform work for Regal Beloit without compensation at their agreed-upon hourly rates.

30. Regal Beloit's impermissible time clock rounding policy consistently operated to the disadvantage of Regal Beloit's employees.

31. Regal Beloit's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Hoffman, the Collective Rounding Class, and the Wisconsin Rounding Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

32. Plaintiff Hoffman and the Collective Rounding Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Regal Beloit's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The

claims of Plaintiff Hoffman as stated herein are the same as those of the Collective Rounding Class.

33. Plaintiff Hoffman and the Collective Rounding Class seek relief on a collective basis challenging, among other FLSA violations, Regal Beloit's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

34. The FLSA Section 216(b) Collective Rounding Class members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Regal Beloit. Notice can be provided to the Collective Rounding Class via first class mail to the last address known to Regal Beloit and through postings at Regal Beloit's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

35. Plaintiff Hoffman brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rounding Class for violations occurring on or after September 24, 2016 (the "Wisconsin Rounding Class Period").

36. The proposed Wisconsin Rounding Class members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that

number are presently within the sole control of Regal Beloit, upon information and belief, there are over 40 members in the Wisconsin Rounding Class.

37. Plaintiff Hoffman's claims are typical of those claims that could be alleged by any member of the Wisconsin Rounding Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rounding Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Regal Beloit and Regal Beloit benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rounding Class. Plaintiff Hoffman and the other members of the Wisconsin Rounding Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

38. Plaintiff Hoffman is able to fairly and adequately protect the interests of the Wisconsin Rounding Class, has no interests antagonistic to the Wisconsin Rounding Class, and has retained counsel experienced in complex wage and hour class action litigation.

39. These are questions of fact and law common to the Wisconsin Rounding Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Regal Beloit's actions include, without limitation, the following:

a) Whether Regal Beloit's rounding policy violated Wisconsin's wage laws;

b) Whether Regal Beloit failed to pay the Wisconsin Rounding Class for all work Regal Beloit suffered or permitted Plaintiff Hoffman and the Wisconsin Rounding Class to perform; and

c) The nature and extent of class-wide injury and the measure of damages for the injury.

40. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

41. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended – Unpaid Overtime Compensation

42. Plaintiff Hoffman, individually and on behalf of the Collective Rounding Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

43. Since September 24, 2015, Plaintiff Hoffman and the Collective Rounding Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

44. Since September 24, 2015, Regal Beloit has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

45. Since September 24, 2015, Plaintiff Hoffman and the members of the Collective Rounding Class have been employees within the meaning of 29 U.S.C. § 203(e).

46. Since September 24, 2015, Regal Beloit has been an employer of Plaintiff Hoffman and the Collective Rounding Class as provided under 29 U.S.C. § 203(d).

47. Since September 24, 2015, Regal Beloit has violated the FLSA by failing to pay overtime compensation due to Plaintiff Hoffman and the Collective Rounding Class for each hour worked in excess of forty hours in any given workweek.

48. Plaintiff Hoffman and the Collective Rounding Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Regal Beloit acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

49. Alternatively, should the Court find that Regal Beloit did not act willfully in failing to pay overtime premium wages, Plaintiff Hoffman and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

50. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
## Violation of Wisconsin Law – Unpaid Overtime and Agreed-Upon Wages

51. Plaintiff Hoffman, individually and on behalf of the Wisconsin Rounding Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

52. Since September 24, 2016, Plaintiff Hoffman and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

53. Since September 24, 2016, Plaintiff Hoffman and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

54. Since September 24, 2016, Plaintiff Hoffman and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

55. Since September 24, 2016, Plaintiff Hoffman and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

56. Since September 24, 2016, Plaintiff Hoffman and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

57. Since September 24, 2016, Regal Beloit was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

58. Since September 24, 2016, Regal Beloit was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

59. Since September 24, 2016, Regal Beloit was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

60. Since September 24, 2016, Regal Beloit was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

61. Since September 24, 2016, Regal Beloit was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

62. Since September 24, 2016, Regal Beloit has employed, and/or continues to employ Plaintiff Hoffman and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

63. Since September 24, 2016, Regal Beloit has employed, and/or continues to employ Plaintiff Hoffman and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

64. Since September 24, 2016, Regal Beloit has employed, and/or continues to employ Plaintiff Hoffman and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

65. Since September 24, 2016, Regal Beloit has employed, and/or continues to employ Plaintiff Hoffman and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

66. Since September 24, 2016, Regal Beloit has employed, and/or continues to employ Plaintiff Hoffman and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67. Since September 24, 2016, Plaintiff Hoffman and the Wisconsin Rounding Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

68. Since September 24, 2016, Regal Beloit had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rounding Class overtime wages for all hours worked in excess of forty hours in a given workweek.

69. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

70. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime and agreed-upon wages.

71. As set forth above, Plaintiff Hoffman and the Wisconsin Rounding Class have sustained losses in their compensation as a proximate result of Regal Beloit's violations. Accordingly, Plaintiff Hoffman, individually and on behalf of the Wisconsin Rounding Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Regal Beloit to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

72. Under Wis. Stat. §109.11, Plaintiff Hoffman and the Wisconsin Rounding Class may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

73. Plaintiff Hoffman, individually and on behalf of the Wisconsin Rounding Class, are entitled to the recovery of their attorneys' fees and costs incurred in this matter pursuant to Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Hoffman, individually and on behalf of all members of the Collective Rounding Class and the Wisconsin Rounding Class hereby requests the following relief:

a) At the earliest time possible, an Order designating this action as a collective action on behalf of the Collective Rounding Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an Order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rounding Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An Oder designating Plaintiff George Hoffman as the Named Plaintiff and as representative of the Wisconsin Rounding Class set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Regal Beloit's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that Regal Beloit violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgement against Regal Beloit in the amount equal to the Plaintiff's, the Collective Rounding Class', and the Wisconsin Rounding Class' unpaid wages at the applicable agreed-upon wage and overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 24th day of September, 2018.

Respectfully submitted,

*s/ LARRY A. JOHNSON*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Claire G. Roehre
Bar Number 1103202
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com

croehre@hq-law.com