IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

GEORGE HOFFMAN,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.                                        CASE NO. 18-cv-1491

REGAL BELOIT CORPORATION,

        Defendant.

## ORDER OF DISMISSAL AND ENTRY OF MANDATORY INJUNCTION

On December 16, 2019, the Parties filed a Joint Motion for Approval of Collective Action Settlement Agreement, Award of Attorneys' Fees and Costs, and Entry of Mandatory Injunction and explained why they believe the settlement agreement reflects a reasonable compromise of the disputed issues. (ECF No. 35.) The Parties' Settlement Agreement ("Settlement Agreement") was attached to their motion. (ECF No. 35-1.) The Parties agreed that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The Parties requested the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

IT IS HEREBY ORDERED:

1. The Settlement Agreement (ECF No. 35-1) is fair, reasonable, and reflects a reasonable compromise of bona fide disputes between the Parties and GRANTS the Parties' Joint Motion for Approval of Collective Action Settlement, Award of Attorneys' Fees and Costs, and Entry of Mandatory Injunction.

2. The Court finds that Plaintiff's Counsel's attorneys' fees and costs are reasonable and fair and grants that request, and awards Hawks Quindel, S.C. $20,000.00 in attorneys' fees and costs.

3. The Parties shall comply with the terms of their Settlement Agreement entered. The Court orders Defendant Regal Beloit Corporation to make the settlement payments pursuant to the schedule in this order.

4. Specifically, the Court ENTERS a mandatory injunction requiring Defendant Regal Beloit Corporation to pay the Collective Class Members identified below, in the following amounts:

| Name | SERVICE PAYMENT (1099) | FLSA (W2 PAYMENT) | FLSA (1099 PAYMENT) | WI LAW (W2 PAYMENT) | WI LAW (1099 PAYMENT) | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| Christen, Marcia A | | $202.25 | $202.25 | $269.67 | $134.83 | $809.00 |
| Dahl, Pamela | | $19.93 | $19.93 | $26.57 | $13.29 | $79.72 |
| Dressler, Cynthia K | | $427.90 | $427.90 | $570.53 | $285.27 | $1,711.59 |
| Duberstein, Bruce | | $142.46 | $142.46 | $189.95 | $94.98 | $569.86 |
| Gonzales, Andrew | | $500.24 | $500.24 | $666.99 | $333.49 | $2,000.96 |
| Gonzales, Angela | | $242.21 | $242.21 | $322.95 | $161.48 | $968.86 |
| Haile, Donald | | $258.66 | $258.66 | $344.88 | $172.44 | $1,034.63 |
| Hardwick, Karen K | | $304.07 | $304.07 | $405.42 | $202.71 | $1,216.27 |
| Hoffman, George P | $500.00 | $328.87 | $328.87 | $438.49 | $219.25 | $1,815.47 |
| Keys, Demetrius D | | $99.40 | $99.40 | $132.54 | $66.27 | $397.61 |
| Langan, Tom | | $437.91 | $437.91 | $583.87 | $291.94 | $1,751.62 |
| Modrzejewski, Joseph A | | $394.40 | $394.40 | $525.87 | $262.93 | $1,577.60 |
| Nofsinger, Todd W | | $287.63 | $287.63 | $383.51 | $191.75 | $1,150.52 |
| Nylund, Marc J | | $69.74 | $69.74 | $92.99 | $46.49 | $278.96 |
| Rave, Maynard | | $357.47 | $357.47 | $476.63 | $238.32 | $1,429.89 |
| Shaw, Marilyn L | | $240.96 | $240.96 | $321.29 | $160.64 | $963.86 |
| Vaughn, Eddie F | | $107.43 | $107.43 | $143.25 | $71.62 | $429.74 |
| Zierfuss, Richard J | | $446.35 | $446.35 | $595.14 | $297.57 | $1,785.41 |
| Gollaz, Emmanuel | | $7.11 | $7.11 | $9.47 | $4.74 | $28.42 |

5. The Court ORDERS Defendant Regal Beloit Corporation to deliver the above payments to Plaintiff's Counsel, at the following address, by the end of business on the date in the above schedule or, if the date above falls on a weekend, the following business day:

>   Summer H. Murshid
>   Hawks Quindel, S.C.
>   222 East Erie Street, Suite 210
>   Milwaukee, WI 53201

6. By consent of the Parties, the Court shall retain jurisdiction for the sole-purpose of enforcing the terms of the settlement agreement and the mandatory injunction contained herein.

7. Except as provided for in paragraphs 1 through 6 above, this case is dismissed with prejudice. Each party shall bear its own attorneys' fees and costs not otherwise provided for the Settlement Agreement or this order.

Dated at Green Bay, Wisconsin this 17th day of December, 2019.

>   s/ William C. Griesbach
>   William C. Griesbach, District Judge
>   United States District Court